UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| **WALTER S. DALE, III, et al.,** | |
| **Plaintiffs,** | |
| v. | Case No. 1:23-CV-00059-SNLJ |
| **VALTRONICS SOLUTIONS, INC.,** et al., | |
| **Defendants.** | |

## PLAINTIFFS' PETITION FOR APPROVAL OF WRONGFUL DEATH SETTLEMENT AND DISTRIBUTION OF WRONGFUL DEATH SETTLEMENT

COME NOW Plaintiffs, by and through undersigned counsel, hereby petition the Court to approve the confidential settlement reached between Plaintiffs and Defendants arising out of the alleged wrongful death of Lesa Dale, pursuant to §§ 537.080 and 537.095, RSMo. In support of this Petition, Plaintiffs state as follows:

1. This petition arises out of the alleged wrongful death of Lesa Dale, who died on October 17, 2022, because of injuries sustained from a July 21, 2022 motor vehicle collision alleged to have been caused by Mark Bradley while in the course and scope of his employment with Valtronics Solutions, Inc. and/or Mustang Holdings, Inc. (hereinafter the "Incident"). Plaintiffs also allege Mark Bradley was in the course and scope of employment with Personnel Temporary Services, Inc. at the time of the Incident.

2. Plaintiffs are proper parties to bring a cause of action for the wrongful death of Lesa Dale pursuant to RSMo. § 537.080.1(1), as Walter Dale, III, was the husband of

1

Lesa Dale at the time of her death, Walter Dale, IV, is the natural son of Lesa Dale, and W.D. is the natural son of Lesa Dale.

3. At the time of the Incident, Lesa Dale was a resident of the State of Missouri.

4. As a result of the Incident and the alleged wrongful death of Lesa Dale, Plaintiffs have asserted claims for negligence against Mark Bradley, Valtronics Solutions, Inc., Mustang Holdings, Inc. and Personnel Temporary Services, Inc. (hereinafter "Defendants").

5. At the time of her death, Lesa Dale was survived by her husband, Walter Dale, III, and her sons, Walter Dale, IV, and W.D., ("Plaintiffs"), and her parents, Kenneth Brooks and Wanda Harper, as class one members under RSMo. § 537.080.1(1). Through undersigned counsel for Plaintiffs, the members of the class have been notified of this Petition for Approval of the Wrongful Death Settlement in accordance with RSMo. § 537.095.1 and of the hearing regarding the same. (see Exhibit 1, letters to Kenneth Brooks and Wanda Harper, with proof of delivery for each).

6. Walter Dale, III, is the natural father of W.D., and was appointed Next Friend of W.D. for the purposes of this litigation in the underlying Missouri State Court case filed in Pemiscot County, with case number 23PE-CC00074. (See ECF No. 1, Exhibit C).

7. Other than the individuals identified in paragraph five, there are no other class (1) members as defined by § 537.080.1(1) who are entitled to bring an action for the wrongful death of Lesa Dale.

8.  Plaintiffs, individually and by their attorneys, have investigated the facts and circumstances of the occurrence and of the death of Lesa Dale and of the potential elements of damage as set forth in § 537.090, RSMo.

9.  Subject to the approval of the Court, Plaintiffs have negotiated with Defendants the settlement on behalf of all persons entitled to sue or to join, the settlement being a full and complete settlement of all claims for the injuries to and death of Lesa Dale.

10. Plaintiffs respectfully submit to the Court that as a result of their investigation as to potential liability of the Defendants and given the potential for damages recoverable, this settlement is in the best interest of all persons who are entitled to proceeds thereof.

11. Plaintiffs understand they have a right to a jury trial in this action and that had they proceeded to trial, a jury might have awarded more than the settlement amount, or the jury might have awarded less than the settlement amount. By entering into this settlement agreement, Plaintiffs are knowingly and voluntarily giving up their right to a jury trial for the death of Lesa Dale.

12. Counsel for Plaintiffs have investigated the law and the facts pertinent to the above-captioned cause of action and have advised Plaintiffs accordingly.

13. After being advised by counsel of their right to settle this claim or proceed thereon, Plaintiffs have decided to compromise the wrongful death claim and to seek Court approval of the proposed settlement.

14. Plaintiffs and Defendants have agreed to a confidential settlement of Plaintiffs' claims related to the alleged wrongful death of Lesa Dale.

15. Subject to Court approval, Plaintiffs and Defendants have agreed to a confidential settlement, the terms of which will be shown to the Court *in camera* at the hearing as Confidential Exhibits 2 and 3 to this Petition and not included in the Court file in order to maintain the confidentiality of the settlement. (Exhibit 2 is the Confidential Settlement Agreement and General Release and Exhibit 3 sets forth the distribution of the payments made from the settlement).

16. Plaintiffs request that the Court approve and order the distribution of the confidential settlement per the terms of Confidential Exhibits 2 and 3 including the settlement amount, attorneys' fees, costs, liens and structured settlements as set forth below. The settlement entered into between Plaintiffs and Defendants is in good faith. Plaintiffs agree that such settlement amount is fair, reasonable, and in the best interest of Plaintiffs and the statutory class established by RSMo. §537.080 arising from the alleged wrongful death of Lesa Dale.

17. That as a condition precedent to the proposed settlement, it has been agreed that the funds for the minor Plaintiff, W.D., be placed in a structured settlement annuity.

18. The Defendants, and/or their insurance company, shall purchase a structured settlement for the benefit of the minor Plaintiff, W.D., from a rated life insurance company to be identified in the Judgment and Order approving the Wrongful Death Settlement and/or the Confidential Settlement Agreement and General Release. The purchase shall be by way of a qualified assignment in accordance with Section 130 and 104 of the Internal

Revenue Code.  The terms of the purchase shall be further described in the release between the parties and Exhibit 3.

19. That as a condition precedent to the proposed settlement, it has been agreed that a portion of the funds for Walter Dale IV, be placed in a structured settlement annuity.

20. The Defendants, and/or their insurance company, shall purchase a structured settlement for the benefit of the Plaintiff Walter Dale, IV, from a rated life insurance company to be identified in the Judgment and Order approving the Wrongful Death Settlement and/or the Confidential Settlement Agreement and General Release.  The purchase shall be by way of a qualified assignment in accordance with Section 130 and 104 of the Internal Revenue Code.  The terms of the purchase shall be further described in the release between the parties and Exhibit 3.

21. Plaintiffs state that this Settlement amount constitutes a full satisfaction of all claims against the Defendants on behalf of all individuals entitled to damages pursuant to §537.080 for the alleged wrongful death of Lesa Dale.

WHEREFORE, the parties respectfully request that the Court enter its Order and Judgment:

    a. finding that Plaintiffs Walter Dale, III, Walter Dale IV, and W.D., a minor, through his Next Friend Walter Dale, III, are entitled to maintain an action pursuant to § 537.080.1(1) arising out of the alleged wrongful death of Lesa Dale;

    b. finding that Plaintiffs and other class (1) members as defined by § 537.080.1(1) who are entitled to bring an action for the wrongful death of Lesa

5

Dale have received notice of the filing of this Petition and the Notice of Hearing on the Petition for Approval of Wrongful Death Settlement;

c. finding that class members other than Plaintiffs as defined by § 537.080.1(1), namely Kenneth Brooks and Wanda Harper, have not appeared and/or have waived any portion of the settlement proceeds;

d. approving the terms and conditions of the confidential settlement and compromise between Plaintiffs and Defendants;

e. finding the above settlement and compromise to be fair, reasonable, and in the best interest of Plaintiffs and the statutory class established by § 537.080 arising from the alleged wrongful death of Lesa Dale and entered into in good faith;

f. authorizing Plaintiffs to execute the Settlement Agreement and Release constituting the full and complete settlement and release of all claims against Defendants for the injuries to and death of Lesa Dale, and any other documents necessary to finalize this confidential settlement and compromise;

g. authorizing Plaintiffs to collect and distribute the settlement payments in the manner and amount directed by the Court;

h. finding that Plaintiffs must:

   (1). Collect and provide receipt for the payment of the settlement amounts;

   (2). Deduct and pay the litigation expenses of recovery, attorneys' fees, and liens as set forth in Confidential Exhibits 2 and 3;

   (3). Acknowledge satisfaction in whole of the settlement amount;

(4). Distribute the net settlement proceeds as set forth in Confidential Exhibits 2 and 3;

(5). Report and account therefore to the Court;

(6). File a Satisfaction of Judgment and Settlement with the Court; and

(7). File a Dismissal with Prejudice with the Court

and for such other and further relief as the Court deems just and proper.

RESPECTFULLY SUBMITTED,

MUCHNICK HABER MARGOLIS, L.C.

By:  /s/ Aaron D. Haber
TODD I. MUCHNICK, #MO34009
AARON D. HABER, #MO57449
*Attorneys for Plaintiffs*
8151 Clayton Road, Suite 201
St. Louis, Missouri 63117
(314) 725-5050 Telephone
(314) 726-2042 Facsimile
todd@mhmlegal.com
aaron@mhmlegal.com

**CERTIFICATE OF SERVICE**

I hereby certify that on November 26, 2024, a copy of the foregoing was filed with the Clerk of the Court by using the CM/ECF system, which will send notice of electronic filing to all attorneys of records in this matter.

 /s/ Aaron D. Haber
An Attorney for Plaintiffs

7