UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

FILED
DEC 04 2024
U. S. DISTRICT COURT
EASTERN DISTRICT OF MO
CAPE GIRARDEAU

WALTER S. DALE, III, et al.,

Plaintiffs,

v.

Case No. 1:23-CV-00059-SNLJ

VALTRONICS SOLUTIONS, INC.,
et al.,

Defendants.

## JUDGMENT AND ORDER APPROVING WRONGFUL DEATH SETTLEMENT AND ALLOCATING SETTLEMENT PROCEEDS

NOW, on this 4th day of December, 2024, this matter is before the Court on Plaintiffs' Petition For Approval Of Wrongful Death Settlement And Distribution Of Wrongful Death Settlement (the "Petition For Approval"). Plaintiffs personally appear with counsel and Defendants appear through counsel.

The parties and their counsel appear today for the purposes of obtaining a Judgment approving the settlement of the wrongful death case and for purposes of allocating the settlement proceeds amongst the wrongful death beneficiaries entitled to share in any proceeds recovered for the death of Lesa Dale. By entering into a settlement for the death of Lesa Dale, Plaintiffs agree to waive a trial by jury and submit all issues in this case to the Court. Plaintiffs and Defendants agree upon the proposed Settlement Agreement and Release, attached as Exhibit 2.

The Court, after considering the testimony and evidence presented during this hearing, and hearing statements of counsel, makes the following Orders:

1. The Court finds that the only persons entitled to make a claim for the wrongful death of Lesa Dale, pursuant to §537.080, RSMo., are as follows: Walter Dale, III, Walter Dale IV, W.D., a minor, through his Next Friend Walter Dale, III, ("Plaintiffs"), Kenneth Brooks and Wanda Harper.

2. Kenneth Brooks and Wanda Harper were properly put on notice of the hearing for the Approval of Wrongful Death Settlement, did not appear, and have waived any right for recovery for the alleged wrongful death of Lesa Dale.

2. The proposed settlement as set forth in Exhibits 2 & 3, is fair and reasonable and is in the best interest of those persons entitled to sue pursuant to RSMo. § 537.080 and is hereby approved in accordance with the Petition for Approval filed with the Court.

3. The parties entered into this settlement in good faith and based upon a reasonable review of the facts, alleged liability, and damages.

4. The Court finds that the testimony of Plaintiffs was made with the full knowledge of the rights and obligations of the parties, and that they provided such testimony voluntarily and of their own free will, and upon a determination that they wish this Court to approve this settlement.

5. The Court finds that the parties understand that they are waiving their right to a jury trial against Defendants with the understanding that by waiving the rights to such a trial, they are releasing any and all claims against Defendants, as more fully set forth in the executed Settlement Agreement and Release.

6. Defendants have agreed to fully settle the wrongful death claim for Lesa Dale pursuant to the terms set forth in Exhibits 2 and 3 and each party shall bear its own

costs, attorneys' fees, and litigation expenses other than as set out in the executed Settlement Agreement and Release.

7. Plaintiffs have agreed to dismiss the wrongful death claim, with prejudice. The provisions and terms of the settlement as set forth in Exhibit 2 and 3 and the attorneys' fees and expenses of litigation as set forth in Exhibits 2 and 3 are approved by the Court and are found to be fair and reasonable.

8. Pursuant to RSMo. §537.095.3, the Court finds that the settlement set forth in Exhibits 2 and 3 is fair and reasonable and orders that the distribution be made in accordance with the provisions set forth in Exhibit 3.

9. The Court orders that the parties are authorized to remove Exhibits 2 and 3 from the Court file and that said document shall be maintained by the parties in order to preserve the confidentiality of the terms and conditions of this settlement. The Court further orders that the parties shall not disclose the terms and conditions of this settlement to any other party except as may be necessary for the parties to complete the conditions of the settlement, pursuant to the terms of the Settlement Agreement and Release, or as further ordered by this Court.

10. Pursuant to §537.080 RSMo, Plaintiffs or any other persons entitled to sue pursuant to Mo. Rev. Stat. § 537.080, may make no other claims against Defendants because of the death of Lesa Dale.

**THEREFORE,** it is ordered, adjudged, and decreed that, pursuant to §537.080 *et seq* the settlement has been entered into in good faith. Plaintiffs are ordered to execute the Settlement Agreement and Release. Additionally, the Court:

3

  a. Finds that Plaintiffs Walter Dale, III, Walter Dale IV, and W.D., a minor, through his Next Friend Walter Dale, III, are entitled to maintain an action pursuant to § 537.080.1(1) arising out of the alleged wrongful death of Lesa Dale;

  b. Finds that Plaintiffs Walter Dale, III, Walter Dale IV, and W.D., a minor, through his Next Friend Walter Dale, III, Kenneth Brooks and Wanda Harper are the only class (1) members as defined by § 537.080.1(1) who are entitled to bring an action for the wrongful death of Lesa Dale and Plaintiffs, through counsel, have received notice of the filing of the Petition For Approval and the Hearing on the Petition.

  c. Kenneth Brooks and Wanda Harper, have received notice of the Motion for Approval of this settlement and have not appeared and/or have waived any portion of the settlement proceeds;

  d. Approves the terms and conditions of the confidential settlement and compromise between Plaintiffs and Defendants as identified in Exhibits 2 and 3;

  e. Finds the above settlement and compromise to be fair, reasonable, and in the best interest of Plaintiffs and the statutory class established by § 537.080 arising from the alleged wrongful death of Lesa Dale and entered into in good faith;

  f. Authorizes Plaintiffs to execute the Settlement Agreement and Release, and any other documents necessary to finalize this confidential settlement and compromise; and

  g. Authorizes the Insurers to distribute the settlement payments in the manner and amount directed by the Court and as indicated on Exhibits 2 and 3.

  h. Orders that the periodic payments will be made to Wyatt Dale, and Walter Dale IV, through a qualified assignment to Prudential Assigned Settlement Services

Corporation, (Assignee), within the meaning of Sections 130(c) of the Internal Revenue Code of 1986, as amended, and the issuance of a annuity policies from The Prudential Insurance Company of America, (Annuity Issuer), all as more fully described and in accordance with the terms and conditions of the Settlement Agreement and Release and identified on Exhibits 2 and/or 3.

Further, Pursuant to RSMo §537.095.4, Plaintiffs are ordered to do the following:

(1). Collect and provide receipt for the payment of the settlement amounts;

(2). Deduct and pay the litigation expenses of recovery attorneys' fees, and liens as set forth in Exhibits 2 and 3;

(3). Acknowledge satisfaction in whole of the settlement amount;

(4). Distribute the net settlement proceeds (with the exception of the annuity) as set forth in Exhibits 2 and 3;

(5). Report and account therefore to the Court;

(6). File a Satisfaction of Judgment and Settlement with the Court; and

(7). File a Dismissal with Prejudice with the Court.

Each party shall bear their own costs associated with this action other than as indicated in the Settlement Agreement and Release and no cost bill shall issue.

IT IS SO ORDERED, DECREED AND ADJUDGED.

Date: December 4, 2024                    _____
                                                      Judge

5